November 23, 1908.

————o————

## No. 4541.

### (Court of Appeal, Parish of Orleans.)

### JETHRO WARNER VS. LAWRENCE FABACHER.

1. All the clauses of a written contract should be interpreted with reference to one another, giving to each the sense resulting from the whole, and effect must be given, if possible, to all clauses.

2. If an employer, in discharging an employee, assigns a particular cause of complaint, he will be held to it, but, when no cause was assigned, he will be thereafter allowed to urge his ground of complaint which, if sufficient in law and under the terms of the contract of employment, will protect him.

Appeal from Civil District Court, Division "C."

Dinkelspiel, Hart & Davey, for Plaintiff and Appellee.

Foster, Milling & Godchaux, for Defendant and Appellant.

DUFOUR, J. The plaintiff was engaged by defendant's agent as leading tenor of an opera company for a term of ten weeks, beginning December 8, 1907, at a weekly salary of $60. He entered upon performance of his duties and on January 13, 1908, was served with the following letter:

"Please take notice that after January 25, your services

—37—

will no longer be required by this company.

"Morgan Dowling, Manager."

On January 25, plaintiff tendered his services and met with a refusal; he then brought this suit to recover the balance due for the unexpired term on the ground that he was discharged without cause.

The defence is, first, that when defendant discharged plaintiff he exercised a right reserved by the contract of canceling the same upon giving two weeks' prior notice and, in the alternative that the plaintiff was discharged for incompetency.

The pertinent provisions of the contract are as follows:

"It is mutually agreed and understood that the party of the second part (i. e. the plaintiff) is to remain in the said organization for eight weeks, after which two weeks' notice may be given by either first or second parties. * * * It is further agreed that the party of the first part (i. e. the defendant) shall have a right to cancel and annul this contract upon giving two weeks' notice to the other party, said notice to be in writing. * * * * And it is further agreed that, if the manager shall judge the party of the second part incompetent to perform the parts assigned * * * it shall render the party of the second part subject to immediate dismissal at the option of the party of the first part."

Construing, as the law directs, all of the clauses of the written instrument together, the contract is absolutely free from ambiguity.

It means that the employed was not at liberty to recede for eight weeks, that he could recede after that time upon giving two weeks' notice.

It also means that the employer had the right to discharge without cause throughout the duration of the engagement upon giving two weeks' notice, and to discharge for incompetency at any time and without formal notice.

Hence, the district judge correctly excluded testimony tendered to show the intention of the parties.

When the manager who sent the notice was asked why he discharged the plaintiff, objection was made that the written discharge must speak for itself; the district judge properly ruled that "the letter does not speak for itself, it gives no reason whatever and I (he) think it competent for the letter to be explained."

The witness then answered that he discharged the plaintiff for incompetency assigning as grounds the following:

"Because he didn't suit me, I didn't think he was the right man in the right place; he was not a singer in the first place because he was too mechanical."

No testimony was offered to rebut this.

The fact that the manager adds that he gave the notice because the contract, according to his views, required it, is immaterial.

If the cause for discharge was sufficient an immediate dismissal was allowed by the contract; the giving of a formal time notice cannot affect the result. It was merely an unnecessary incident, powerless to help or injure either party and, in point of fact, it was not a two weeks' but a twelve days' notice.

If the defendant had assigned in his letter of dismissal a particular cause for discharge, he would he held to it and would not be allowed to mend his hole, but, when he did not, he has the right to give his reasons which, if sufficient under the terms of the contract, must protect him.

This, he has done.

Judgment reversed and plaintiff's demand is rejected at his cost in both Courts.

November 23, 1908.

Writ denied by Supreme Court, February 3, 1909.